IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gonzalo Julian Miranda-Fuentes and Jesus Valenzuela individually and on behalf of other employees similarly situated, Plaintiffs
v.
Little Ricky's, Inc. dba Little Ricky's Rib Joint, O'neil's Inc., dba O'neil's Restaurant, and Patrick J. O'neil, individually, Defendants

## COMPLAINT

Gonzalo Julian Miranda-Fuentes ("Gonzalo") and Jesus Valenzuela ("Jesus") (collectively, "Plaintiffs"), individually, and on behalf of other employees similarly situated, ("Plaintiffs"), pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law ("IMWL"), complain against Little Ricky's, Inc. dba Little Ricky's Rib Joint ("Little Ricky's"), O'neil's Inc., dba O'neil's Restaurant ("O'neil's"), and Patrick J. O'neil, individually, (collectively, "Defendants") and in support of this Complaint, state:

### Introduction

1. Overtime wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay overtime wages.

3. Plaintiffs and the persons they seek to represent are Defendants' current and former employees whose job functions included preparing and cooking food at Defendants' restaurants.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## The Parties

7. Defendant Patrick J. O'neil resides and is domiciled in this judicial district.

8. Defendant Patrick J. O'neil is the owner of Little Ricky's and O'neil's.

9. Defendant Patrick J. O'neil is involved in the day-to-day business operations of Little Ricky's and O'neil's and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. Defendants are joint entities doing business within this judicial district and are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

11. Defendants operate a restaurant called O'Neil's Restaurant located at 1003 Green Bay Rd., Winnetka, IL 60093.

12. Defendants operate a restaurant called Little Ricky's Rib Joint located at 540 Lincoln Ave., Winnetka, IL 60093.

13. Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. Defendants had annual gross sales of $500,000.00 or more during the relevant employment period.

15. Defendants were Plaintiffs' "employer" as defined by the FLSA.

16. Defendants were Plaintiffs' "employer" as defined by the IMWL.

17. Plaintiffs were Defendants' employees as defined by the FLSA.

18. Plaintiffs were Defendants' employees as defined by the IMWL.

19. Plaintiffs were employed by Defendants in Cook County, which is in this judicial district.

20. Plaintiffs prepared and cooked food at Defendants' restaurants.

21. During the course of employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce such as perishable food, products, equipment, and supplies.

22. Plaintiffs were paid on a biweekly basis.

23. Plaintiffs' regular rate of pay was $13.00 per hour.

24. Jesus worked for Defendants from approximately 2012 to December 23, 2015.

25. Gonzalo worked for Defendants from approximately February 2013 to November 2015.

### COUNT I: FLSA Overtime Wage Violation (Collective Action)

26. Plaintiffs incorporate all preceding paragraphs of this Complaint.

27. Plaintiffs' notice of consent to become a party plaintiff in a collective action under the Fair Labor Standards Act is attached hereto as Exhibit A.

28. Plaintiffs and other similarly-situated employees were directed by Defendants to work more than forty (40) hours per week.

29. Throughout the course of Plaintiffs' employment with Defendant, Plaintiffs and other similarly situated employees worked more than forty (40) hours weekly in one or more individual work weeks.

30. Defendants did not pay Plaintiffs and other similarly situated employees overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

31. Defendants paid Plaintiffs and other similarly situated employees their respective regular rate for all hours worked weekly, including hours worked over forty each week.

32. Plaintiffs' wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

33. Neither Plaintiffs nor other similarly-situated employees are exempt from the overtime provisions of the FLSA.

34. Defendants' failure to pay overtime violated the FLSA.

35. Defendants' FLSA violation was willful.

36. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

### COUNT II: IMWL Overtime Wage Violation (Class Action)

37. Plaintiffs incorporate all preceding paragraphs of this Complaint.

38. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

39. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

40. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

41. Defendants directed Plaintiffs and the putative class to work more than forty (40) hours in individual work weeks.

42. Plaintiffs and the putative class worked more than forty (40) hours in individual work weeks.

43. Defendants did not pay Plaintiffs and the putative class overtime wages.

44. Rather than paying Plaintiffs overtime wages, Defendants paid Plaintiffs and the putative class their regular rate for all hours worked each week.

45. Plaintiffs and the putative class were not exempt from overtime wages.

46. Defendants violated the IMWL by failing to compensate Plaintiffs and the putative class consistent with the IMWL's overtime wage provisions.

47. Defendants employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

48. This count is brought as a class action because the proposed class members similarly-situated to Plaintiffs are so numerous that joinder of all members is impracticable. Therefore, Plaintiffs bring this action on his own behalf and on behalf of other aggrieved employees, in a representative capacity, against Defendants.

49. Plaintiffs and other vehicle detailers are equally affected by Defendant's overtime wage violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

50. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

51. Plaintiffs and the putative class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed overtime wages, statutory damages, attorneys' fees, and the costs of this lawsuit.

52. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

53. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

54. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

55. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**s/ Valentin T. Narvaez**
One of Plaintiffs' attorneys

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com